WASHINGTON INTERNATIONAL
INSURANCE COMPANY,
Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 81–12–01678.

United States Court of
International Trade.

April 2, 1987.

Wayne Jarvis, Ltd. (Wayne Jarvis, on the motion), Tribler & Marwedel (Paul McCambridge, Chicago, Ill., on the motion), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Intern. Trade Field Office, Commercial Litigation Branch (Nancy E. Reich, New York City, on the motion), for defendant.

## MEMORANDUM OPINION AND ORDER OF ASSIGNMENT

RE, Chief Judge.

Pursuant to the provisions of 28 U.S.C. §§ 253(c), 255(a) (1982), and Rule 77(d) of the Rules of the Court, plaintiff moves before the chief judge for the reassignment of this action, presently assigned to a single judge, to a three-judge panel.

Plaintiff, Washington International Insurance Company, challenges the valuation by the United States Customs Service of white feta cheese imported from Cyprus. Customs appraised the merchandise at full invoice value on the basis of export value, 19 U.S.C. § 1401, and assessed duty of 10 percent *ad valorem.* Plaintiff contends that since the merchandise arrived in the United States in a "severely deteriorated condition," it was entitled to duty-free entry under item 117.67 of the Tariff Schedules of the United States (TSUS). In its suit against the Customs Service, plaintiff has demanded a jury trial.

On this motion for the designation of a three-judge court, the question presented is whether the contentions and reasons urged by the plaintiff warrant a finding that the action raises issues which justify the reassignment of this action to a three-judge panel. Since the chief judge finds that this action raises issues which will have "broad or significant implications in the

administration or interpretation of the customs laws," plaintiff's motion for a three-judge panel is granted.

In this customs valuation case, the Customs Service has assessed duties on the imported white feta cheese at 10 percent *ad valorem.* The importer contended that the merchandise was severely damaged and, therefore, was unsuitable for sale to consumers. Notwithstanding that the merchandise was sold at salvage, Customs appraised the merchandise at its full invoice value. Plaintiff paid the duty assessed, and filed a protest contesting the assessment of duty by Customs, pursuant to 19 U.S.C. § 1514. Plaintiff's protest was denied by Customs on the grounds that "no timely claim was made to Customs authorities by the importer for a refund of duties paid as required by Customs regulations and law, based on the claim that the cheese was spoiled."

After the denial of its protest, pursuant to 28 U.S.C. § 1581(a), plaintiff commenced this action to challenge the valuation of the imported merchandise, and included in its complaint a demand for a jury trial. The demand for trial by jury was renewed when plaintiff filed its request for trial. Contending that plaintiff is not entitled to a jury trial, the defendant objected, and moved that plaintiff's motion for a trial by jury be stricken. Upon defendant's motion to strike, plaintiff brought the present motion for the reassignment of the action to a three-judge panel.

Defendant opposes the motion requesting the reassignment of this action to a three-judge panel. Defendant maintains that the issue raised, that is, whether plaintiff may demand a jury trial in a protest action contesting the dutiable value of imported merchandise, is not a sufficient reason to reassign this action to a three-judge panel. Defendant maintains that the right to a jury trial is not available in cases brought pursuant to 28 U.S.C. § 1581(a). It stresses that, under the doctrine of sovereign immunity, actions against the United States are not triable by jury unless permitted by a specific constitutional or legislative provision. Defendant contends that, since there is no authority for plaintiff's motion, it should be denied. In addition, defendant maintains that plaintiff's motion should be denied because the court's decision on the availability of jury trials in section 1581 cases will not have important precedential impact on the conduct of future cases filed in this court.

The authority of the chief judge to designate a three-judge panel of the court to hear and determine a case is found in Title 28 U.S.C. §§ 253(c), 255(a) (1982).

Section 253(c) of Title 28 provides:

The chief judge, under rules of the court, may designate any judge or judges of the court to try any case, and when the circumstances so warrant, reassign the case to another judge or judges.

28 U.S.C. § 253(c).

Section 255 provides:

(a) Upon application of any party to a civil action or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws.

(b) A majority of the three judges designated may hear and determine the civil action and all questions pending therein.

28 U.S.C. § 255(a), (b) (1982)

■ It is clear that the decision to designate a three-judge panel lies within the sound discretion of the chief judge. *See Fundicao Tupy S.A. v. United States,* 11 CIT ——, 652 F.Supp. 1538, 1540 (1987); *see also Goldhofer Fahrzeugwerk GmbH & Co. v. United States,* 11 CIT ——, Slip Op. 87–36 (Mar. 30, 1987) [Available on WESTLAW, DCT database]. In exercising this discretion, the chief judge must find that the issues presented satisfy either of the two statutory criterion set forth in Title 28 U.S.C. § 255(a). *See Fundicao Tupy,* 11 CIT ——, 652 F.Supp. 1538, 1540. The chief judge must also consider whether the benefits and advantages of a decision by a

three-judge panel outweigh the benefits derived from the " 'more efficient utilization of judicial resources' " provided by a single judge. *Id.* (quoting H.R.Rep. No. 1067, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Admin.News 3188, 3200).

Recently, in *Fundicao Tupy S.A. v. United States*, 11 CIT ——, 652 F.Supp. 1538 (1987), the law and policy governing the designation of a three-judge panel was set forth with reasonable specificity. In the *Fundicao* case, the plaintiff challenged a final injury determination of the International Trade Commission as to imports of malleable cast-iron pipe fittings from Brazil. Plaintiff contended that the ITC had based its determination on an incorrect and improper interpretation of the cumulation statute, and moved for assignment of the action to a three-judge panel of the court. The government opposed the motion on the grounds that issues pertaining to cumulation have routinely been decided by a single-judge court, and that to grant plaintiff's motion would result in an unnecessary and inefficient application of judicial resources. *See Fundicao Tupy*, 11 CIT ——, 652 F.Supp. at 1540.

On the facts and issues presented in *Fundicao*, the chief judge granted the motion for the assignment to a three-judge panel. It was indicated that the legislative history of sections 254 and 255 "makes clear the intent of Congress to conserve judicial resources and reduce procedural delays by limiting three-judge panels to specified, exceptional situations which raise important issues that would warrant a collegial and broader judicial consideration." *Fundicao Tupy*, 11 CIT ——, 652 F.Supp. at 1541.

Moreover, it was noted that the Customs Courts Act of 1980 reaffirmed the 1970 statutory direction for the assignment of cases to a single judge, except in those cases which raise important constitutional issues, or which have a broad or significant impact in the administration of the customs laws. *Fundicao Tupy*, 11 CIT ——, 652 F.Supp. at 1541; *see* 28 U.S.C. §§ 254, 255 (1982). The authority conferred upon the chief judge in section 255 embodies the congressional policy determination that a decision rendered by a three-judge panel contributes to the uniform interpretation and application of the nation's international trade laws. *Fundicao Tupy*, 652 F.Supp. at 1541; *see also* H.R.Rep. No. 1235, 96th Cong., 2d Sess. 20, *reprinted in* 1980 U.S. Code Cong. & Admin.News 3729, 3731.

The *Fundicao* opinion also explained that

consideration by a three-judge panel fosters "a fuller judicial consideration of the case." *National Corn Growers Ass'n v. Baker*, 10 CIT ——, 643 F.Supp. 626, 630 (1986).... The synergistic effect of this more thorough, judicial consideration would also promote the national policy of uniformity set forth in Article I, Section 8, of the United States Constitution, which mandates that "all Duties, Imposts and Excises shall be uniform throughout the United States." U.S. Const. Art. I, § 8; *see* Re, *Litigation Before the United States Court of International Trade*, 19 U.S.C.A. at vii (West Supp.1986).

*Fundicao Tupy*, 11 CIT ——, 652 F.Supp. at 1541-42.

It concluded that the " 'appointment of a three-judge panel ensures that the decision reached will reflect an institutional consensus, and thereby serves to further the statutory and constitutional mandate of uniformity of the international trade laws.' " *Fundicao Tupy*, 11 CIT ——, 652 F.Supp. at 1542 (quoting *National Corn Growers*, 643 F.Supp. at 630-31); *see also Goldhofer Fahrzeugwerk GmbH & Co. v. United States*, 11 CIT ——, Slip Op. 87-36, at 9-10 (Mar. 30, 1987) [Available on WESTLAW, DCT database].

In this case, whether a litigant in the Court of International Trade has the right to a trial by jury in actions arising under 28 U.S.C. § 1581(a) is a question with significant constitutional implications. Under section 1581(a), the Court of International Trade has exclusive jurisdiction of actions brought by any person whose protest as to the proper valuation of imported merchandise has been denied by Customs. Section 1581 contains the major changes made in the subject-matter jurisdiction of this court by the Customs Courts Act of 1980. The

intent of this section is to grant this Court exclusive jurisdiction over civil actions instituted against the United States, or any of its agencies, where the action arises out of the federal statutes governing import transactions. *See* H.R.Rep. No. 1235, 96th Cong., 2d Sess. 44, *reprinted in* 1980 U.S. Code Cong. & Admin. News at 3755.

In support of its motion for reassignment to a three-judge panel, plaintiff stresses the congressional intent behind the Customs Courts Act of 1980 to grant the Court of International Trade all the powers in law and equity possessed by or statutorily conferred upon federal district courts. *See* Customs Courts Act: Hearing Before the Subcomm. on Improvements in Judicial Machinery of the Senate Comm. on the Judiciary, 95th Cong., 2d Sess. (1978). Furthermore, plaintiff asserts that section 302(a) of the 1980 Act, 28 U.S.C. § 1876, expressly authorizes the CIT to conduct jury trials. Plaintiff indicates that, while Senate bill S. 1654 and House bill H.R. 6394 initially contained provisions authorizing transfer of actions to the appropriate district court upon motion by a party desiring a jury trial, after hearings, Congress determined that the transfer provision would undercut the goal of achieving uniformity in international trade decisions. Plaintiff further asserts that in Section 1876, Congress provided the mechanism for conducting jury trials in this Court. *See* H.R.Rep. No. 1235, 96th Cong., 2d Sess., at 23, *reprinted in* 1980 U.S.Code Cong. & Admin.News at 3734.

Plaintiff submits that the right to a jury trial is guaranteed by the seventh amendment to the Constitution, and that a claim brought pursuant to 28 U.S.C. § 1581(a) is the statutory equivalent of a preexisting common law form of action. Therefore, plaintiff contends that this action raises an issue of the constitutionality of an Act of Congress. In addition, plaintiff maintains that because changes involving the "functioning of and practice before this court normally result from legislative enactments or the promulgation of rules," this action will have a profound impact on the nation's customs laws.

As was stated in the defendant's brief: "Apparently, the issue in this case is one of first impression." In the case of *National Corn Growers Ass'n v. Baker*, it was noted that the assertion of "questions of first impression, without more, would not necessarily warrant consideration by a three-judge panel." 10 CIT ——, 643 F.Supp. 626, 631 (1986). If, however, there are "special factors or exceptional circumstances," and other broad or significant implications in the administration or interpretation of the customs laws, the designation of a three-judge panel will further the constitutional and congressional purposes set forth in section 255(a). *See Barnhart v. United States*, 5 CIT 201, 206, 563 F.Supp. 1387, 1391 (1983).

To date, no judicial decision has reviewed the availability or entitlement to jury trials in protest cases brought under 28 U.S.C. § 1581(a). If a three-judge panel of this court were to determine the availability of a jury trial in import transactions, that decision would contribute significantly to defining the expanded jurisdiction of the Court of International Trade under the Customs Courts Act of 1980. In view of the large number of cases seeking judicial review pursuant to section 1581(a), the decision in this action will have "broad or significant implications in the administration or interpretation of customs laws."

■ For the reasons stated, the chief judge finds that this action raises issues which will have "broad or significant implications in the administration or interpretation of the customs laws," and, therefore, warrants the designation of a three-judge panel of this court.

Accordingly, plaintiff's motion that the chief judge designate three judges of the court to hear and determine this action is granted. It is ORDERED that the following judges of this court serve as members of a three-judge panel:
1. Chief Judge Edward D. Re,
2. Judge James L. Watson, and
3. Judge Thomas J. Aquilino, Jr.

Pursuant to 28 U.S.C. §§ 253(c) and 255(a), (b), the three named judges shall hear and determine this action in accord-

ance with this memorandum opinion and order of assignment. Nothing in this opinion should be interpreted as expressing any view as to the merits of this litigation.