SEATTLE MARINE FISHING SUPPLY CO., Nordby Supply Co., Redden Net Co., Fisheries Supply Co., Lummi Fisheries Supply Co., Nets, Inc., Tacoma Marine Supply, Astoria Marine Supply, and Englund Marine Supply, Plaintiffs,

v.

The UNITED STATES, Defendant.

Court No. 83–10–01552.

United States Court of International Trade.

March 22, 1989.

Law Offices of George R. Tuttle, P.C., George R. Tuttle, Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Elizabeth C. Seastrum, Washington, D.C., for defendant.

## MEMORANDUM OPINION

RE, Chief Judge:

Pursuant to the provisions of 28 U.S.C. § 255(a) (1982), and Rule 77(e)(2) of the Rules of the United States Court of International Trade, plaintiffs move before the chief judge for the reassignment of this action, presently assigned to a single judge, to a three-judge panel. Plaintiffs also move for oral argument of this motion under Rule 7(c).

■ The question presented is whether, pursuant to the authority conferred by statute, the chief judge may reassign this case to a three-judge panel after the judge to whom the case was assigned has rendered a final decision and the plaintiffs have filed an appeal with the appellate court. Since this case is now properly before the Court of Appeals for the Federal Circuit, plaintiffs' motions are denied.

Plaintiffs, United States importers of fish netting, challenged a final determination by the International Trade Administration (ITA), 48 Fed.Reg. 43210 (1983), following the ITA's administrative review of certain dumping findings of fish netting of manmade fibers from Japan, 37 Fed.Reg. 11560 (1972). Pursuant to Rule 56.1, plaintiffs sought judicial review of the ITA's final determination on the grounds that it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence on the record, or otherwise not in accordance with law.

Pursuant to 28 U.S.C. § 253(c) this action was assigned to a single judge of this court. On January 26, 1988, the assigned judge sustained the ITA's determination, and dismissed plaintiffs' motion for judgment on the agency record. *See Seattle Marine Fishing Supply Co. v. United*

*States,* 12 CIT ——, 679 F.Supp. 1119, 1121 (1988).

On February 25, 1988 plaintiffs filed a motion for rehearing of this court's decision of January 26, 1988, which was subsequently denied by the assigned judge. On May 31, 1988, plaintiffs moved to vacate and reconsider the court's decision, and for oral argument. While that motion was pending, on June 27, 1988, plaintiffs filed an appeal to the Court of Appeals for the Federal Circuit (CAFC) from the court's denial of their motion for rehearing of the court's original decision and judgment. On July 12, 1988, this court suspended plaintiffs' motion to vacate and reconsider its decision pending a determination on the appeal by the CAFC.

On July 29, 1988, plaintiffs moved before the CAFC to suspend its appeal in order to remand the case to this court to decide the motion to vacate and reconsider. The CAFC granted the motion and remanded the case. On January 5, 1989, plaintiffs' motion to vacate, reconsider and for oral argument was denied by order of this court. On January 24, 1989, the case was restored to the docket of the CAFC.

On December 2, 1988 plaintiffs filed a motion for a three-judge panel challenging the constitutionality of 19 U.S.C. § 1677e, 19 C.F.R. § 353.51 and the established procedures under 19 U.S.C. § 1675(a) on the grounds that the laws violate the procedural due process clause of the fifth amendment. Plaintiffs contend that these sections "fail to require adequate notice to the importer of record or the exporter that the exporter's failure to respond on a timely basis or in an adequate matter will, in the absence of special circumstances, result in the assessment of penal dumping duties based upon the 'best information otherwise available.'" Plaintiffs contend that the assessment of "penal" dumping duties based on the "best information available" without adequate notice to the importer and exporter violates procedural due process requirements of the fifth amendment which protects liberty and property interests from unjustifiable impairment or abridgment.

Defendant opposes plaintiffs' motion for reassignment of this action to a three-judge panel on the ground that the motion is without merit. In a supplemental brief, defendant also contends that this court lacks jurisdiction over this motion because the case is pending on appeal before the CAFC.

Subsequently, on February 9, 1989, plaintiffs filed a motion with the CAFC "to stay appeal pending decision on motion for rehearing of the motion to vacate and reconsider and the motion for reassignment to three-judge panel." On March 8, 1989, the CAFC denied plaintiff's motion for a stay and a remand to the CIT.

### DISCUSSION

The authority of the chief judge of this court to designate a three-judge panel of the court to hear and determine a case is found in Title 28 U.S.C. §§ 253(c), 255(a) (1982).

Section 253(c) of Title 28 provides:

The chief judge, under rules of the court, may designate any judge or judges of the court to try any case, and when the circumstances so warrant, reassign the case to another judge or judges.

28 U.S.C. § 253(c).

Section 255 provides:

(a) Upon application of any party to a civil action or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws.

28 U.S.C. § 255(a).

These statutory provisions are implemented by Rule 77(e) of the rules of the court, which provides in pertinent part:

(2) Assignment to Three–Judge Panel. An action may be assigned by the chief judge to a three-judge panel either upon motion, or upon his own initiative, when

the chief judge finds that the action raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive order; or has broad and significant implications in the administration or interpretation of the law.

. . . .

(4) Reassignment. An action may be reassigned by the chief judge upon the death, resignation, retirement, illness or disqualification of the judge to whom it was assigned, or upon other special circumstances warranting reassignment.

USCIT Rule 77(e)(2), (4).

Section 254 of Title 28 specifies that, except as otherwise provided in 28 U.S.C. § 255, the judicial power of this court shall be exercised by a single judge. 28 U.S.C. § 254 (1982). In an exceptional case of constitutional or other broad significance, however, the chief judge may appoint a three-judge panel to hear and resolve the case. 28 U.S.C. § 255 (1982). It is clear that the decision to designate a three-judge panel lies within the sound discretion of the chief judge. *See Fundicao Tupy S.A. v. United States*, 11 CIT ——, 652 F.Supp. 1538, 1540–41 (1987); *see also Washington Int'l Ins. Co. v. United States*, 11 CIT ——, 659 F.Supp. 235, 236 (1987).

The opinion in *National Corn Growers Ass'n v. Baker*, 10 CIT 517, 643 F.Supp. 626 (1986), is instructive on the exercise of the discretionary authority of the chief judge to reassign a case to a three-judge panel. In that case, the defendant-intervenor moved before the chief judge for reassignment of that case to a three-judge panel to rehear the decision of a single-court judge. The chief judge concluded that reassignment to a three-judge panel would not "aid in the expeditious disposition of the action" and denied the motion. 10 CIT at 523–24, 643 F.Supp. at 632. In that case, the chief judge stated that,

motions for reassignment to a three-judge panel, made after the case has been assigned to a single judge, will be viewed with disfavor. Motions for reassignment made after a single judge has rendered a decision face an even heavier burden. Certainly, the chief judge will not allow any party to engage in what may appear to be "judge shopping."

10 CIT at 522, 643 F.Supp. at 631.

It is evident that plaintiffs are dissatisfied with the decision of the judge to whom the case was assigned, and the denial of its motion for rehearing. Hence, the relief sought by plaintiffs by this motion is to have the chief judge review, as though on appeal, a final decision of another judge of this court. A motion to reassign, however, is not the proper procedural method to achieve the relief sought by plaintiffs. *See Roses, Inc. v. United States*, 12 CIT ——, 682 F.Supp. 577, 580 (1988).

In *Roses* the question presented was whether the statutory reassignment authority conferred upon the chief judge should be exercised to permit an intracourt appeal from the final decision of the assigned judge. 682 F.Supp. at 580. In that case plaintiff moved before the chief judge for orders reassigning five actions from the assigned judge, and for orders setting aside the orders of dismissal issued by the assigned judge. The *Roses* case held that the statutory authority of the chief judge to reassign a case should not be exercised after the assigned judge "has rendered a final decision...." Hence, plaintiff's motion was denied. *Id.* at 583.

The *Roses* case stated that, "the statutory responsibility of the chief judge to reassign cases does not include the expressed or implied authority to permit intracourt appeals from the final decisions of another judge of this court." *Id.* at 581. The "normal and proper procedure" to be pursued by plaintiffs to correct the errors they allege is an appeal to the appropriate appellate court. *Id.* Surely, the chief judge should not interfere with the independence of any judge in the performance of judicial duties by reassigning a case after a judge has rendered a final decision. *See id.* at 583.

In this case, plaintiffs filed an appeal with the CAFC. The case was restored to that court's docket after plaintiffs' motion to vacate and reconsider was denied by the assigned judge of this court. On March 8,

1989 the CAFC denied plaintiffs' motion for a stay of the appeal, and a remand to this court. Although the CAFC did not decide the jurisdictional question raised by plaintiffs' motion for reassignment to a three-judge panel, it is evident that the CAFC will now hear plaintiffs' appeal from the denial of its motion for a rehearing. It is clear, therefore, that this case is now properly before the CAFC.

Without expressing any view on the jurisdictional question presented, it is the conclusion of this court that a motion to reassign to a three-judge panel is not the proper procedure to achieve the ultimate relief sought be plaintiffs. It is also clear that no purpose would have been served by oral argument of this motion.

Accordingly, it is

ORDERED that plaintiffs' motion for reassignment to a three-judge panel and for oral argument of the motion is denied.