**CEMEX, S.A., Plaintiff,**

and

**Apasco, S.A. de C.V., Plaintiff–Intervenor,**

v.

**UNITED STATES and United States International Trade Commission, Defendants,**

and

**The Ad Hoc Committee of AZ–NM–TX–FL Producers of Gray Portland Cement, Defendant–Intervenor.**

**Court No. 90–10–00509.**

United States Court of International Trade.

May 23, 1991.

---

---

Skadden, Arps, Slate, Meagher & Flom, John J. Mangan, for plaintiff.

O'Connor & Hannan, Joseph H. Blatchford and Guy C. Smith, for plaintiff-intervenor.

Lyn M. Schlitt, General Counsel, James A. Toupin, Asst. Gen. Counsel, U.S. Intern. Trade Com'n, Judith M. Czako, Andrea C. Casson, and Katherine M. Jones, for defendants.

Kilpatrick & Cody, Joseph W. Dorn, Martin M. McNerney, and Michael P. Mabile, for defendant-intervenor.

## MEMORANDUM OPINION

CARMAN, Acting Chief Judge:

Plaintiff moves pursuant to 28 U.S.C. §§ 253(c) and 255(a) (1988) and Rule 77(e)(2) of the Rules of this Court for an order assigning this action to a three-judge panel. Plaintiff-intervenor elected not to file a response to this motion. Defendants and defendant-intervenor oppose the motion.

In this action, plaintiff CEMEX, S.A. ("CEMEX"), a Mexican producer of cement, challenged the final affirmative determination of the International Trade Commission ("ITC") in *Gray Portland Cement and Cement Clinker from Mexico,* Inv. No. 731–TA–451 (Final) USITC Pub. No. 2305 (Aug.1990). In that investigation, the ITC determined by a vote of 2–1 that an industry in the United States was materially injured by reason of imports of cement and cement clinker from Mexico. In reaching its affirmative determination, the ITC's majority cumulated imports from Mexico with imports from Japan because the ITC found that the imports from both countries were "subject to investigation" within the meaning of 19 U.S.C. § 1677(7)(F)(iv) (1988).

Plaintiff commenced this action challenging the ITC's final affirmative injury determination. On November 26, 1990, this action was assigned to Judge Thomas J. Aquilino, and on April 22, 1991, plaintiff filed motion for an order appointing a three-judge panel.

Plaintiff bases its request for a three-judge panel on the grounds that the ITC's reliance on untested allegations of Japanese dumping margins to assess the cumulative effect of Japanese and Mexican imports raises serious questions as to the constitutionality of the ITC's application of

an Act of Congress. Plaintiff also contends that this action has broad and exceptionally significant implications in the administration and interpretation of trade law because (1) it presents an issue of first impression and has precedential value and (2) the ITC's interpretation of the cumulation statute is inconsistent with the General Agreement on Tariffs and Trade ("GATT").

Defendants, the United States and the ITC, and defendant-intervenor, the Ad Hoc Committee of AZ–NM–TX–FL Producers of Gray Portland Cement ("Ad Hoc Committee"), oppose the motion urging plaintiff has made no showing to justify appointment of a three-judge panel and reassignment of this case from Judge Aquilino. Defendants contend that the plaintiff's motion is untimely and neither raises important constitutional issues, nor is its resolution likely to have broad or significant implications in the administration or interpretation of the trade laws.

## DISCUSSION

The authority of the chief judge of this Court to designate a three-judge panel to hear and determine a case is granted under 28 U.S.C. §§ 253(c) and 255(a).

Section 253(c) of Title 28 provides:

The chief judge, under rules of the court, may designate any judge or judges of the court to try any case and, when the circumstances so warrant, reassign the case to another judge or judges.

28 U.S.C. § 253(c).

Section 255(a) of Title 28 provides in pertinent part:

(a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, ... or (2) has broad or significant implications in the administration or interpretation of the customs laws.

28 U.S.C. § 255(a).

Rule 77(e)(2) of the Rules of this Court implement these statutory provisions in pertinent part:

(2) Assignment to Three–Judge Panel. An action may be assigned by the chief judge to a three-judge panel either upon motion, or upon the chief judge's own initiative, when the chief judge finds that the action raises an issue of the constitutionality of an Act of Congress, ... or has broad or significant implications in the administration or interpretation of the law.

USCIT Rule 77(e)(2).

■ Title 28 U.S.C. § 255, however, does not mandate the chief judge to assign a three-judge panel. Rather, decisions concerning appointment of a three-judge panel, during any point of CIT proceedings, fall within the sound discretion of the chief judge. *Fundicao Tupy, S.A. v. United States*, 11 CIT 25, 26, 652 F.Supp. 1538, 1540–41 (1987); *Metallverken Nederland B.V. v. United States*, Slip.Op. 89–135 at 5, 1989 WL 113686 (Sept. 26, 1989), *quoting Seattle Marine Fishing Supply Co. v. United States*, 13 CIT ——, 709 F.Supp. 226, 228 (1989). In exercising this discretion, the chief judge must find that the issues presented satisfy either of the two statutory criterion set forth in 28 U.S.C. § 255(a). *Washington Int'l Ins. Co. v. United States*, 11 CIT 249, 251, 659 F.Supp. 235, 236 (1987) (citing *Fundicao*, 11 CIT at 26, 652 F.Supp. at 1541.

Plaintiff argues that the issues involved in this case meet both criteria set forth in 28 U.S.C. § 255(a). First, as to the standard set forth under 28 U.S.C. § 255(a)(1) which requires that the action raise an issue of the constitutionality of an Act of Congress, plaintiff alleges that the ITC relied on untested allegations of Japanese dumping margins to assess the cumulative effect of Japanese and Mexican imports. Plaintiff contends that the ITC incorrectly applied the cumulation statute to treat unfounded and untested allegations as established fact, and this application of the cumulation statute in such an unlawful manner infringed on plaintiff's property rights without the minimal procedural safeguards guaranteed by the Fifth Amendment.

Defendants and defendant-intervenor counter that plaintiff's constitutional claim of denial of due process is nothing more than a disguise for the routine claim that the ITC's methodology used in the Commission's determination is unsupported by substantial evidence and unlawful.

■ This Court finds that the plaintiff in this action only attacks the ITC's interpretation of the statute and its employment of methodology as incorrect. This Court finds that to meet the criterion set forth in 28 U.S.C. § 255(a)(1), it would seem the issue raised must directly address the constitutionality of an Act of Congress. An issue that addresses the constitutionality of an agency's interpretation or methodology seems insufficient. Therefore, this Court finds that plaintiff has not proven that this case "raises an issue of the constitutionality of an Act of Congress." 28 U.S.C. § 255(a). Indeed, it is common practice in this Court for single judges to decide cases which question the methodology used by certain Commissioners of the ITC in making their determinations. *E.g., Trent Tube Div. of Crucible Materials Corp. v. United States*, 14 CIT ——, 741 F.Supp. 921 (1990); *Alberta Pork Producers' Mktg. Bd. v. United States*, 11 CIT 563, 669 F.Supp. 445 (1987), *aff'd on remand*, 12 CIT 262, 683 F.Supp. 1398 (1988); *National Pork Producers Council v. United States*, 11 CIT 398, 661 F.Supp. 633 (1987).

Second, plaintiff contends that this action also has broad and exceptionally significant implications in the administration and interpretation of trade law because (1) it presents an issue of first impression and has precedential value and (2) the ITC's interpretation of the cumulation statute is inconsistent with GATT.

■ In addressing plaintiff's first contention, this Court finds that the newness of an issue is not sufficient to warrant appointment of a three-judge panel. In fact, this Court has often held that "cases of novel impression are almost commonplace" and "a single-judge court has on numerous occasions decided far-reaching questions." *Metallverken*, Slip.Op. 89–135 at 7–8, *quoting National Corn Growers Ass'n v. Baker*, 10 CIT 517, 522, 643 F.Supp. 626, 631 (1986). In addition, the

*Barnhart* court held that the "mere fact that decision of a case will resolve an issue of first impression, or that it will have significant precedential value, is not sufficient to require appointment of a three-judge panel." *Barnhart v. United States*, 5 CIT 201, 205, 563 F.Supp. 1387, 1390–91 (1983). Further, the party seeking the three-judge panel "bears the burden of establishing the facts which would warrant a finding that the action presents a question of such an exceptional nature as to require the designation of a three-judge court." 5 CIT at 205, 563 F.Supp. at 1390. This Court finds that plaintiff has not met its burden.

■ As to plaintiff's second contention that the ITC's application and interpretation of the cumulation statute is inconsistent with GATT, this Court finds this argument to be not persuasive for the purposes of this motion. Title 19 U.S.C. § 2504(a) (1988) provides that in the event of conflict with provisions of the GATT, United States law is to prevail. 19 U.S.C. § 2504(a). The three-judge panel holding in *Fundicao Tupy S.A. v. United States*, 12 CIT 6, 10, 678 F.Supp. 898, 902 (1988) found that this Court is bound to give primacy to United States law in accordance with the direction in 19 U.S.C. § 2504(a). In light of the language set forth in 19 U.S.C. § 2504(a) and the three-judge panel holding in *Fundicao*, 12 CIT at 10, 678 F.Supp. at 902, this Court finds that plaintiff has not presented an issue that has broad or significant implications in the administration or interpretation of the laws sufficient to persuade this Court to grant the relief sought by this motion.

Lastly, plaintiff submits that this motion is timely because neither the statutory provisions nor Rule 77(e)(2) provides any time limit for requesting a three-judge panel. Defendants counter that plaintiff's motion for a three-judge panel is untimely because this case has already been assigned to Judge Aquilino; the reassignment of it to a three-judge panel would not further the interests of judicial economy and efficiency.

The legislative history of 28 U.S.C. § 255 makes clear the intent of Congress "to conserve judicial resources, and reduce procedural delays by limiting three-judge panels to specified, exceptional situations which raise important issues that would warrant a collegial and broader judicial consideration." *Fundicao Tupy*, 11 CIT at 26, 652 F.Supp. at 1541, *citing* H.R.Rep. No. 1067, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code & Cong. Admin. News 3188, 3200.

On the exercise of discretionary authority and issue of judicial resources and economy, the chief judge in *National Corn Growers* noted that:

[F]or reasons of judicial economy and efficiency, the authority to reassign should be used sparingly. Indeed, it may be stated that motions for reassignment to a three-judge panel, made after the case has been assigned to a single judge, will be viewed with disfavor.... Certainly, the chief judge will not allow any party to engage in what may appear to be "judge shopping."

10 CIT at 522, 643 F.Supp. at 631. In exercising this discretion, the chief judge must "consider whether the benefits and advantages of a three-judge panel outweigh the benefits derived from the 'more efficient utilization of judicial resources' provided by a single judge." *Metallverken*, Slip.Op. 89–135 at 5–6, *quoting Washington Int'l*, 11 CIT at 251, 659 F.Supp. at 236–37 (quoting H.R.Rep. No. 1067, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Cong. & Admin. News 3188, 3200).

This case was assigned to Judge Aquilino on November 26, 1990. Orders have been entered granting the intervention of APASCO, S.A. de C.V. as plaintiff-intervenor and Ad Hoc Committee as defendant-intervenor and a judicial protective order and denying a motion to consolidate this action with related cases. Under a scheduling order issued on February 1, 1991, by Judge Aquilino, plaintiff and plaintiff-intervenor filed their Rule 56.1 motions and supporting briefs on April 22, 1991, and April 23, 1991, respectively. Defendants and defendant-intervenor are required to file their

respective responses by June 3, 1991. Thereafter, plaintiff and plaintiff-intervenor have three weeks to file their reply.

 This Court does not look favorably upon reassignment of cases to a three-judge panel when a judge has been previously assigned to the case. This Court finds that Judge Aquilino has already expended substantial judicial resources to expedite this action. The efficient utilization of judicial resources would appear well employed by allowing the judge assigned to this case to continue with the work he has thus far advanced. For these reasons, this Court finds plaintiff's motion to reassign this case to a three-judge panel does not fall within the spirit of Congressional intent to preserve judicial economy and conserve judicial resources.

On the facts presented, without expressing any view as to the merits of the litigation, it is the conclusion of the acting chief judge that this action neither raises an issue of the constitutionality of an Act of Congress, nor has broad or significant implication in the administration or interpretation of the law within the meaning of 28 U.S.C. § 255(a) to warrant reassignment to a three-judge panel. Further, the acting chief judge finds that the benefits and advantages of the designation of a three-judge panel do not outweigh the benefits derived from the more efficient utilization of judicial resources provided by a single judge.

Accordingly, it is

ORDERED that plaintiff's motion for reassignment to a three-judge panel is denied.