SLIP OP. 08-28

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                       :

AECTRA REFINING AND MARKETING INC.,   :

                               Plaintiff,     :

                     v.                :     Court No. 04-00354

UNITED STATES,                     :

                     Defendant.    :
_____:

## OPINION

[Plaintiff's motion to assign motion for amended judgment to three-judge panel denied.]

Dated: March 12, 2008

Phelan & Mitri (Michael F. Mitri) for the plaintiff.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Tara K. Hogan); Richard McManus, Office of Chief Counsel, U.S. Customs and Border Protection, for the defendant.

       Restani, Chief Judge: Before the court is plaintiff's motion to assign this action to a three-judge panel to hear a motion for amended judgment. At present, this action is assigned to a single judge. The issue in the action is the retroactivity of a regulation. The motion for reassignment will be denied.

       Pursuant to 28 U.S.C. § 255(a), "[u]pon application . . . , or upon his own initiative, the chief judge . . . shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or

significant implications in the administration or interpretation of the customs laws." 28 U.S.C.

§ 255(a) (2000). USCIT R. 77(e)(2) explains that, "[a]n action may be assigned by the chief

judge to a three-judge panel either upon motion, or on upon the chief judge's own initiative,

when the chief judge finds that the action raises [the issues set forth in the statute]." USCIT R.

77(e)(2). "[T]he decision to assign an action to a three-judge panel lies within the sound

discretion of the chief judge." Nat'l Corn Growers Ass'n v. Baker, 10 CIT 517, 520, 643 F.

Supp. 626, 630 (1986). The court is to weigh both the benefits and disadvantages in appointing a

three-judge panel. Sony Elecs. Inc. v. United States, 25 CIT 336, 342, 143 F. Supp. 2d 970, 977

(2001).

This action does not raise a constitutional challenge to a federal statute, a

proclamation of the President, or an executive order. Whatever presumption may exist for

granting a motion for assignment of such cases to a three-judge panel, it does not apply here.

Furthermore, if there is any presumption to be applied, it is that cases should not be assigned to

three-judge panels after a decision is rendered in a case by the assigned single judge. Cf. Cemex,

S.A. v. United States, 15 CIT 235, 240, 765 F. Supp. 745, 750 (1991) (stating that the

expenditure of substantial efforts by an assigned judge weighs against reassignment to a

three-judge panel). Rather, parties who believe a three-judge panel should hear a particular case

should move for such assignment at the outset. Form 5 in the USCIT Appendix of Forms, to be

filed at the commencement of a case, includes a query relating to 28 U.S.C. § 255 so that the

chief judge will be alerted early on to constitutional challenges.

Moreover, a three-judge panel of this Court is not intended to function as an

appellate division to correct errors of a single judge or to otherwise function as an appellate

body.  See, e.g., Seattle Marine Fishing Supply Co. v. United States, 13 CIT 227, 709 F. Supp.

226 (1989).  Parties dissatisfied with single-judge decisions may appeal to the United States

Court of Appeals for the Federal Circuit or, where appropriate, seek reconsideration by the

assigned judge.

No opinion as to the merits of the underlying action or even the relative

importance of the decision at issue is made here.  Nothing has been stated in the papers before

the chief judge, however, that would warrant this extraordinary reassignment.

Motion DENIED.

　　　　　　　　　　　　　　　　　　　　　　　　／s/ Jane A. Restani
　　　　　　　　　　　　　　　　　　　　　　　　　　Jane A. Restani
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge

Dated this 12th day of March, 2008.
New York, New York.