(C.R.D. 71-2)

UNITED MERCHANTS, INC. *v.* UNITED STATES

(66 Cust. Ct. 401, C.D. 4224)

Port of New York, Court No. 70/29939 on furnishings

(Dated May 27, 1971)

*Sharretts, Paley, Carter & Blauvelt; Rode & Qualey*, associate counsel; for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General, for the defendant.

Rao, Chief Judge: The plaintiff has filed a motion under Rules 2.3 and 4.13 of the Rules of the Court for an order requesting the assignment of this action, prior to notice of trial, to a three-judge court to hear and determine the issues raised.

Plaintiff's counsel contends that there are some 60,000 cases now pending in the suspension file of the court, which cases will be directly affected by the outcome of this action. He further contends that our appellate court's decision in the case of *R. H. Macy & Co., Inc.* v. *United States*, 57 CCPA 115, C.A.D. 988 (1970), wherein it was held that plastic material extruded into man-made fiber is no longer "plastic," as that term is used in Part 12, Subpart C of Schedule 7 of the Tariff Schedules of the United States, supports the second alternative claim as set forth in paragraph 8 of the complaint in this action, that man-made fibers which have been spun into yarn, which, in turn, has been woven into cloth, are no longer man-made fibers but other textile materials, i.e. "fabric," as provided in Schedule 3, Headnote 2(iv). Therefore, contends plaintiff's counsel, since the aforesaid *Macy* case was tried by three judges of the Second Division of this court, a three-judge panel should be assigned to hear and determine this action.

The defendant has no objection to the motion.

It was the declared intention of Congress, by the enactment of the Customs Courts Act of 1970, to "improve the judicial machinery in customs courts by amending the statutory provisions". In an effort to increase the judicial manpower for hearing and deciding cases, and since approximately 60% of the cases in this court were theretofore heard by a three-judge trial division, Congress provided, in section 254 of the said statute, that the judicial power of this court with respect to any action, suit or proceeding shall be exercised by a single judge. Congress further provided for three-judge trials in section 255 of said statute, which reads as follows:

"(a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Customs Court shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws."

It is clear from the foregoing that the judicial power with respect to any actions in this court should be exercised by a single judge except in cases which raise an issue of constitutionality or one that has broad or significant implications in the administration or interpretation of the customs laws.

After due and careful consideration of the arguments of plaintiff's counsel, it does not appear that the issue now presented in this action is embraced by either of the foregoing requirements.

While the issue presented here may be novel and important, plaintiff's counsel states in his moving papers that there is no factual question involved, and that at the trial he does not intend to call any witnesses or offer any additional evidence and that both parties will submit the case upon the pleadings after the court incorporates the, *Macy* case, *supra*, and receives the samples in evidence. The evidence and the issues in the *Macy* case have already been considered by a three-judge division of this court and four judges sitting in our appellate court. In the light of the thorough and extensive consideration and determination of the issues involved in that case, and of the comparatively simple question of its application here, the assigning of a three-judge panel to hear and determine this issue is, in my opinion, unwarranted.

In view of the foregoing, plaintiff's motion for assignment of a three-judge panel, prior to notice of trial, should be denied in all respects.

The case will be assigned to the undersigned for all further proceedings. A pre-trial conference is hereby set for the 8th day of June, 1971 at 10:30 a.m.