**UNITED STATES, Plaintiff,**

v.

**ACCURATE MOULD COMPANY, LTD. and John V. Carr & Son, Inc., Defendants.**

**Court No. 82–2–00164.**

United States Court of International Trade.

Aug. 11, 1982.

J. Paul McGrath, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Commercial Litigation Branch, New York City (A. David Lafer, Dept. of Justice,

Washington, D.C., on the brief), for plaintiff.

Richard A. Kulics, Detroit, Mich., for defendant Accurate Mould Company, Ltd.

Chet K. Wilson, Detroit, Mich., for defendant John V. Carr & Son, Inc.

*Memorandum Opinion and Order*

MALETZ, Judge:

In February 1982, the Government instituted this action against an importer and its customhouse broker to recover civil penalties under section 592 of the Tariff Act of 1930, as amended (19 U.S.C. § 1592). The complaint alleges that the defendants had violated that section by making materially false statements in connection with a consumption entry that was filed with the Customs Service in March 1976. Defendants, relying on *United States v. Digital Equipment Corp.*, 3 CIT—, Slip Op. 82–11 (Jan. 29, 1982),[1] move to dismiss the complaint for lack of subject matter jurisdiction. In *Digital Equipment*, the court first determined that where import transactions occurred prior to the amendments made to section 592 by the Customs Procedural Reform and Simplification Act of 1978, Pub.L. No.95–410, 92 Stat. 888, 893, the only civil penalty remedy available was an *in rem* forfeiture proceeding which was not cognizable in this court. Given that determination, the court held that it lacked jurisdiction to entertain the action under the Customs Courts Act of 1980 on the ground that that Act gave this court jurisdiction only over *in personam* penalty proceedings and not over *in rem* proceedings. I must conclude, however, that the decision in *Digital Equipment* is erroneous.

28 U.S.C. § 1582, as amended by the Customs Courts Act of 1980, Pub.L.No.96–417, 94 Stat. 1727, 1729, provides in part:

The Court of International Trade shall have *exclusive* jurisdiction of *any* civil action which arises out of an import transaction and which is commenced by the United States—

---

1. A petition for rehearing has been filed in *Digital Equipment.* However, action on that petition has been suspended pursuant to a joint motion of the parties to permit them to explore possible settlement.

(1) to recover a civil penalty under section 592 . . . of the Tariff Act of 1930; [Emphasis added.][2]

■ The jurisdictional grant to this court over actions under section 592 is clear and without limitation. 28 U.S.C. § 1582, as amended by the Customs Courts Act of 1980, is not limited by the date of the import transaction. Nor is that section limited to actions which are brought under the present provisions of section 592. To the contrary, it is simply a grant over *any* action brought under section 592 irrespective of whether it is brought under the present provision of section 592 or under the provision which was in effect prior to the amendments made by the Customs Procedure Reform and Simplification Act of 1978.

■ Moreover, in granting this court exclusive jurisdiction over actions brought under section 592, Congress repealed the prior exclusive jurisdictional grant to the district courts.[3] Thus, as of January 30, 1981 there was no statute on the books which would allow the district courts to take jurisdiction of a suit filed under section 592.[4]

In all, I think it clear that had Congress intended to limit the jurisdictional grant to this court, it would have so provided—as it did in other enactments. For example, when Congress, in the Act of October 26, 1974, Pub.L.No.93–484, § 3(a), 88 Stat. 1459, *codified at* 42 U.S.C. § 1395*oo* (f)(1), conferred jurisdiction on the district courts to review administrative decisions under the Medicare Program, it expressly limited the jurisdictional grant to those claims arising out of accounting periods ending on or after June 30, 1973. *Id.* § 3(b). Another example is the Trade Agreements Act of 1979, Pub.L.No.96–39, 93 Stat. 144, which granted this court jurisdiction to review certain administrative determinations in countervailing and antidumping duty proceedings. *Id.* § 1001, 93 Stat. 300. Certain aspects of this jurisdictional grant are, however, expressly limited by the immediately succeeding section of the Act on the basis of whether the protest or assessment involved was filed before or after the effective date of the Act.

These two statutes illustrate that when Congress intends to qualify or limit a jurisdictional grant of authority, it does so expressly. The fact that it did not do so in the case of the Customs Courts Act of 1980 is persuasive indication that Congress did not intend to place any restriction upon this court's jurisdictional authority to entertain actions under section 592.

In sum, Congress in enacting the Customs Courts Act of 1980 provided this court, in plain and unambiguous language, with exclusive jurisdiction over *all* section 592 actions commenced on or after January 30, 1981.

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

---

2. The reason this court was granted exclusive jurisdiction over section 592 actions was explained as follows (H.R.Rep.No.96–1235, 96th Cong., 2d Sess. at 49, U.S.Code Cong. & Admin.News 1980, pp. 3729, 3760):

Jurisdiction over this type of civil action presently lies in the federal district courts. However, since . . . these actions present questions which involve the expertise of the court, e.g., questions concerning classification, valuation or markings, the Committee believes exclusive jurisdiction over these actions should lie in the United States Court of International Trade.

3. See 28 U.S.C. § 1355, as amended by section 507 of the Customs Courts Act of 1980, 94 Stat. 1743.

4. Section 701(b)(1)(A) of the Customs Courts Act of 1980, 94 Stat. 1747, provides that section 1582 shall be applicable to civil actions commenced on or after the 90th day after the effective date of the Act. Since the Customs Courts Act became effective November 1, 1980, section 1582 became applicable beginning on January 30, 1981.