**James A. BARNHART, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 81–3–00328.**

United States Court of
International Trade.

May 10, 1983.

Leonard M. Fertman, a member of Leonard M. Fertman Professional Corporation and Arthur E. Schwimmer, Los Angeles, Cal. (Arthur E. Schwimmer, Los Angeles, Cal., on the motion), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Internl. Trade Field Office, Commercial Litigation Branch, New York City (Saul Davis, New York City, on the motion), for defendant.

RE, Chief Judge:

Pursuant to the provisions of 28 U.S.C. § 255 (1970) and Rule 77(d)(2) and (3), plaintiff moves for the assignment of this action to a three-judge panel. Under Rule 7(c), plaintiff also requests oral argument of its motion pursuant to Rule 56.1 for review of an administrative determination by the Secretary of the Treasury.

19 U.S.C. § 1641(b) provides that a customhouse broker's license may be suspended or revoked if the Secretary of the Treasury finds that the broker is guilty, *inter alia*, of "disreputable" conduct. Plaintiff claims that the use of the term "disreputable" as a standard for revocation of a customhouse broker's license is so vague as to be unconstitutional. Plaintiff also contends that the statutory language of 28 U.S.C. § 255 mandates that the chief judge appoint a three-judge panel when a party challenges the constitutionality of an Act of Congress.

Section 255(a) provides that:

Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade *shall* designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) *raises an issue of the constitutionality of an Act of Congress,* a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws. [Emphasis added.]

Rule 77(d), which implements section 255, provides in pertinent part, that:

(1) * * * All actions shall be assigned by the chief judge to a single judge, except as prescribed in paragraph (2) of this subdivision (d).

(2) * * * An action *may* be assigned by the chief judge to a three-judge panel either upon motion, or upon his own initiative, when the chief judge finds that the action raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive Order; or has broad or significant implications in the administration or interpretation of the law. [Emphasis added.]

Prior decisions of this court have clearly established that the appointment of a three-judge panel lies in the discretion of the chief judge. Plaintiff's claim arises from what appears to be an inconsistency be-

tween section 255 and Rule 77(d). While section 255 states that the chief judge "*shall*" designate a three-judge panel when he finds that the action "(1) raises an issue of the constitutionality of an Act of Congress * * * or (2) has broad or significant implications in the administration or interpretation of the customs laws," Rule 77(d) states that in these specified instances "an action *may* be assigned by the chief judge to a three-judge panel."

The question presented, therefore, is whether the term "shall" in section 255 is intended to delegate a mandatory or discretionary power in the chief judge, and whether the rule of court properly reflects the intent of Congress that discretion lies with the chief judge. It is the determination of the court that the use of the word "may" in Rule 77(d) properly interprets the legislative intent of section 255(a).

■ Congress' use of the term "shall," in and of itself, does not necessarily require the conclusion that mandatory action ·is intended. Rather, "[a]s against the government, the word 'shall,' when used in statutes, is to be construed as 'may,' unless a contrary intention is manifest." *Railroad Co. v. Hecht,* 95 U.S. 168, 170, 24 L.Ed. 423 (1877). As this court noted in *Joanna Western Mills Co. v. United States,* 64 Cust.Ct. 218, C.D. 3983, 311 F.Supp. 1328 (1970):

> The judicial determination, whether a statutory provision is directory or mandatory, involves a consideration of a variety of factors. * * * "No universal rule can be laid down for the construction of statutes, as to whether mandatory enactments shall be considered directory only or obligatory * * *. It is the duty of the Courts of Justice to try to get at the real intention of the Legislature by carefully attending to the whole scope of the statute to be construed." *The Liverpool Borough Bank v. Turner,* 30 L.J.Ch. 379, 45 Eng.Repr. 715, 718 (Ch. 1860), *aff'd,* 1 J. & H. 159, 70 Eng.Repr. 703 (1860).

*Id.* at 227–28.

■ When Congress enacted the Customs Courts Act of 1970, its primary goal was to strengthen and modernize the procedures before the United States Customs Court, now the United States Court of International Trade. *SCM Corp. v. United States,* 79 Cust.Ct. 163, C.R.D. 77–6, 435 F.Supp. 1224 (1977). Towards this goal, Congress abolished the historical use of the three-judge panel in classification and reappraisement cases by enacting 28 U.S.C. § 254 (1970), which declares that the "judicial power of the Customs Court [USCIT] with respect to any action, suit or proceeding shall be exercised by a single judge * * *." *See also,* Ct. Int'l Trade R. 77(d)(1). Prior to this enactment, approximately 60% of the cases before this court were heard by three-judge panels. *See United Merchants, Inc. v. United States,* 67 Cust.Ct. 601, C.R.D. 71–2, 328 F.Supp. 1403 (1971). The legislative history of this enactment clearly demonstrates that Congress' objective was to conserve judicial resources and to reduce the procedural delays inherent in the use of the three-judge court. *See* H.R.Rep. No. 91–1067, 91st Cong., 2d Sess. (1970), U.S. Code Cong. & Admin.News 1970, p. 3188 and *SCM Corp., supra.*

■ Section 255, the statute at issue here, confers upon the chief judge the authority to designate a three-judge panel to hear a case in specified exceptional situations. Congress thus clearly intended the appointment of a three-judge bench to be an exception to the normal or usual trial by a single judge. The three-judge panel was to be utilized only where the chief judge found the issues to be of such a nature as to require broader judicial representation. H.R.Rep. No. 91–1067, 91st Cong., 2d Sess. (1970).

■ Furthermore, the language of section 255 is instructive. Congress permits the chief judge to appoint a three-judge panel "[u]pon application of any party to a civil action, or upon his own initiative * * * *[when] the chief judge finds* " that the statutory criteria have been met. [Emphasis added.] 28 U.S.C. § 255(a) (1970). Therefore, the decision of whether an action "raises an issue of the constitutionality of an Act of Congress * * * or has broad or

significant implications in the administration or interpretation of the customs laws," rests within the considered judgment of the chief judge. The chief judge may designate the panel *sua sponte,* or on motion of any party. Even if the request is unopposed, the chief judge still must make an independent evaluation of the issues presented to determine the necessity or propriety of a three-judge panel. *United Merchants, Inc., supra.* If the word "shall" under section 255(a) were to mean that the chief judge must, in all cases, designate a three-judge panel in the situations described in subdivisions (1) and (2) of that section, it would, in effect, deprive him of the necessary discretion which Congress intended in order to give significance and vitality to the purpose of the Customs Courts Act of 1970.

■ Plaintiff, in its reply brief, suggests that defendant's " 'discretion' argument is pertinent only to subdivision 2." It is significant to note, however, that the word "shall" in section 255(a) applies not only to subdivision (1) cases but also to subdivision (2) cases. By a literal reading of the statute, the word "shall," however interpreted, must apply equally to both subdivisions (1) and (2) cases. Hence, if it is mandatory when a constitutional issue is raised, it must also be mandatory in cases involving "broad or significant implications in the administration or interpretation of the customs laws." Many cases before the court are in the nature of class actions and may be said to have "broad or significant implications in the administration or interpretation of the customs laws." All of these cases therefore would be tried by a three-judge panel. Such a result would clearly do violence to the purpose of the Customs Courts Act of 1970, which provided that cases before the court be heard by a single judge and which was designed to do away with the three-judge panel requirement in all but exceptional cases.

To achieve the legislative purpose and policy of the Customs Courts Act of 1970, it is clear that the word "shall" must be interpreted to be *permissive,* and must be read together with the words, "which the chief judge finds * * *." Read together with the words, "which the chief judge finds," section 255(a) manifests the congressional intent to confer discretionary authority upon the chief judge to determine whether the particular civil action raises the kind of issue, be it the constitutionality of an Act of Congress, or having a broad or significant implication in the administration or interpretation of the customs laws, as to warrant a three-judge panel. It is evident, therefore, that the use of the discretionary "may" in Rule 77(d) correctly interprets and implements the legislative intent of section 255(a).

■ To hold that the chief judge must appoint a three-judge panel in every action in which a party alleges that the statutory criteria have been met would thwart the twin Congressional goals of judicial economy and broad representation in exceptional cases only. Plaintiff thus bears the burden of establishing the facts which would warrant a finding that the action presents a question of such an exceptional nature as to require the designation of a three-judge panel. *SCM Corp., supra.*

The sole basis of plaintiff's claim in the present case is that the use of the word "disreputable" is so vague as to be unconstitutional, and that the revocation of its license on this basis should be reversed. Plaintiff also contends that the issue goes to the fundamental authority of the Secretary of the Treasury to revoke customhouse brokers' licenses.

Defendant has opposed plaintiff's motion. Defendant claims that the types of cases contemplated by Congress in enacting section 255 are those which possess emergent, broad and immediate effect upon the class governed by the act. Defendant contends that, although 19 U.S.C. § 1641(b) affects the plaintiff, it has not demonstrated, nor does the issue possess, the broad and emergent effect contemplated by section 255.

■ The mere fact that the decision of a case will resolve an issue of first impression, or have significant precedential value, is not sufficient to require the appointment of

a three-judge panel. *SCM Corp., supra.* Indeed, as this court noted in *SCM Corp.,* the United States Court of International Trade (then, the United States Customs Court) is charged with the duty of the interpretation and application of the customs laws and "cases of novel impression are almost commonplace." 79 Cust.Ct. at 166. *SCM Corp.* considered the important question of whether this court had subject-matter jurisdiction of an action brought by an American manufacturer challenging the propriety of a decision rendered by the International Trade Commission under the Antidumping Act of 1921, as amended. Although defendant concurred in plaintiff's motion, the court found that plaintiff's bare assertion that the jurisdictional issue was of "great significance 'to the entire community of American manufacturers,'" would not warrant the impanelling of a three-judge court. *See also United States v. Accurate Mould Co.,* 546 F.Supp. 567, 3 CIT 155 (1982), wherein the court denied plaintiff's motion for a three-judge panel to consider whether the court, under the Customs Courts Act of 1980, had acquired jurisdiction over all civil penalty actions brought pursuant to section 592 of the Tariff Act of 1930.

The case of *Farr Man & Co. v. United States,* 1 CIT 104 (1980), illustrates an appropriate occasion for the designation of a three-judge panel. In *Farr Man,* plaintiff established that the constitutionality of Presidential Proclamation No. 4547 was at issue, and that the entire governmental policy regarding domestic farm crop price supports was in potential jeopardy. Thus, plaintiff presented a constitutional issue, resolution of which would have an exceptional and far-reaching impact on the customs laws and governmental policy. Finding that these issues attained the stature intended by Congress to warrant broad judicial participation, the court granted plaintiff's motion for a three-judge panel. In

*SCM Corp.,* on the other hand, no specific constitutional issue was in controversy, and plaintiff failed to show that disposition of the controversy would have "broad or significant implications in the administration or interpretation of the customs laws" within the congressional intent of section 255.

■ In the present action, plaintiff has not demonstrated that its claim falls within the class of actions intended by Congress under section 255. Allegations of unconstitutionality, in and of themselves, are insufficient to bring an action within the confines of the section 255 exception to the single-judge trial standard. Indeed, in the past, cases raising questions of the constitutionality of an Act of Congress also have been resolved exclusively by a single judge of this court. *See, e.g., Erie Navigation Co. v. United States,* 83 Cust.Ct. 47, C.D. 4820, 475 F.Supp. 160 (1979) (holding statute assessing duties on costs of foreign repairs done to United States vessels to be constitutional).

■ Although it is possible to envision an action where a single constitutional issue would merit a three-judge panel, plaintiff has not established that this action meets the necessary criteria. Neither does this court find that the case presents an issue of exceptional or far-reaching impact within the meaning of the pertinent statute.

The plaintiff's motion for assignment of this case to a three-judge panel is denied. Plaintiff's request for oral argument of its motion under Rule 56.1 is therefore referred to the judge to whom this action has been assigned.