OMNI U.S.A., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86-2-00256

### MEMORANDUM OPINION AND ORDER

(Dated April 14, 1987)

*Barnes, Richardson & Colburn* (*Andrew P. Vance,* on the motion), for the plaintiff.
*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Sheila N. Ziff,* on the motion), for the defendant.

RE, *Chief Judge:* This action pertains to the imposition of estimated countervailing duties by the United States Customs Service on 16 entries of industrial fasteners imported from Japan by plaintiff, Omni U.S.A., Inc. Pursuant to the provisions of 28 U.S.C. § 255(a) (1982) and Rule 77(d)(2) of the Rules of this Court, plaintiff moves before the chief judge for the assignment of this action to a three-judge panel.

The question presented is whether the contentions and reasons set forth by plaintiff warrant a finding that the action raises issues which justify the designation of a three-judge panel. The chief judge

finds that issues raised by plaintiff in this action do not have "broad or significant implications in the administration or interpretation of the customs laws," or otherwise warrant the designation of a three-judge panel. Accordingly, plaintiff's motion for a three-judge panel is denied.

The substantive issue involves an alleged clerical error by the Customs Service, in Seattle, Washington, in the assessment of countervailing duties on plaintiff's industrial fasteners. Pursuant to 19 U.S.C. § 1520(c) (1982), plaintiff petitioned the District Director of Customs, in Seattle, to correct the alleged clerical error.

The District Director denied plaintiff's petition as untimely, and plaintiff filed a protest to contest the denial of its petition. That protest was also denied because of the untimeliness of the original petition. Plaintiff then timely filed this action to contest the denial of its petition by Customs. Defendant moved for summary judgment for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted. Plaintiff cross-moved for summary judgment on the ground that the liquidation of its entries was void *ab initio,* and also moved for the designation of a three-judge panel.

In support of its motion that the chief judge designate a three-judge panel to hear and determine this action, plaintiff contends "that the resolution of the issues presented by plaintiff's cross-motion for summary judgment in this action will have broad and significant implications for the administration of customs laws." Specifically, plaintiff asserts that "[t]he continued retention by the Customs Service of the estimated duties deposited by plaintiff, exacted pursuant to clearly unauthorized liquidations, constitutes a taking without due process of law in violation of the Fifth Amendment and has resulted in an unequal assessment of duties on fasteners from Japan in violation of the mandate in Article I, Section 8 of the Constitution, which requires uniformity of duties, imports, and excises throughout the United States." In addition, plaintiff questions the precedential value or effect of *United States* v. *A.N. Deringer, Inc.,* 66 CCPA 50, C.A.D. 1220, 593 F.2d 1015 (1979).

In opposition to plaintiff's motion, defendant asserts that the legal issues raised in this case are "simple and clear-cut," and do not warrant the assignment of this action to a three-judge panel. As to the "precedential effect" of the *Deringer* case, defendant asserts that this Court is bound to follow the decision of the Court of Customs and Patent Appeals, predecessor to the United States Court of Appeals for the Federal Circuit, in the *Deringer* case, "even if it thinks the court of appeals to be in egregious error." *See South Corp.* v. *United States,* 1 Fed. Cir. 1, 690 F.2d 1368 (1982) (in banc) (Federal Circuit bound by holdings of its predecessor courts).

The authority of the chief judge to designate a three-judge panel of the Court to hear and determine a case is found in Title 28 U.S.C. §§ 253(c), 255(a) (1982).

Section 253(c) of Title 28 provides:

> The chief judge, under rules of the court, may designate any judge or judges of the court to try any case and, when the circumstances so warrant, reassign the case to another judge or judges.

28 U.S.C. § 253(c).

Section 255 provides:

> (a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws.

28 U.S.C. § 255(a); *see also* USCIT R. 77(d)(2)..

The decision to designate a three-judge panel clearly lies within the sound discretion of the chief judge. *See Washington Int'l Ins. Co. v. United States,* 11 CIT 249, Slip Op. 87–41, at 5 (Apr. 2 1987); *Fundicao Tupy S.A. v. United States,* 11 CIT 23, 652 F. Supp. 1538, 1540–41 (1987). In exercising this discretion, the chief judge must find that the issues presented satisfy either of the two statutory criterion set forth in 28 U.S.C. § 255(a). *See Fundicao,* 11 CIT 23, 652 F. Supp. at 1541. The chief judge must also consider whether "the benefits and advantages of a decision by a three-judge panel outweigh the benefits derived from the 'more efficient utilization of judicial resources' provided by a single judge." *Id.* (quoting H.R. Rep. No. 267, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Admin. News 3188, 3200).

The law and policy governing the designation of a three-judge panel was set forth with reasonable specificity in *Fundicao Tupy S.A. v. United States,* 11 CIT 23, 652 F. Supp. 1538 (1987). In the *Fundicao* case it was observed that the legislative history of sections 254 and 255 "makes clear the intent of Congress to conserve judicial resources, and reduce procedural delays by limiting three-judge panels to specified, exceptional situations which raise important issues that would warrant a collegial and broader judicial consideration." Id. at 26, 652 F. Supp. at 1541 (citing *National Corn Growers Ass'n v. Baker,* 10 CIT 517, 643 F. Supp. 626, 630 (1986)).

It has been recognized that the Customs Courts Act of 1980 reaffirmed the 1970 statutory direction for the assignment of cases to a single judge, except in those cases which raise important constitutional issues, or which have a broad or significant impact in the administration of the customs laws. *See, e.g., Washington Int'l Ins. Co. v. United States,* 11 CIT 249, Slip Op. 87–41 (Apr. 2, 1987); *Fundicao Tupy S.A. v. United States,* 11 CIT 23, 652 F. Supp. 1538 (1987).

In this case, plaintiff has failed to show that the issues presented satisfy the statutory criteria set forth in 28 U.S.C. § 255(a). In support of its motion for a three-judge panel, plaintiff urges that "the resolution of the issues presented by plaintiff's cross-motion for summary judgment in this action will have broad and significant implications for the administration of customs laws." Plaintiff asserts that the retention by Customs Service of the estimated duties collected from plaintiff, pursuant to an allegedly unlawful liquidation, constitutes a "taking without due process of law" in violation of the fifth amendment. Plaintiff also asserts that this "unequal assessment" of duties is in violation of article I, section 8 of the Constitution. These conclusory allegations of unconstitutionality do not persuade the chief judge that "the benefits and advantages of a decision by a three-judge panel outweigh the benefits derived from the 'more efficient utilization of judicial resources' provided by a single judge." *Fundicao,* 11 CIT 23, 652 F. Supp. at 1541. As has been stated:

> Allegations of unconstitutionality, in and of themselves, are insufficient to bring an action within the confines of the section 255 exception to the single-judge trial standard. Indeed, in the past, cases raising questions of the constitutionality of an Act of Congress also have been resolved exclusively by a single judge of this court.

*Barnhart* v. *United States,* 5 CIT 201, 206, 563 F. Supp. 1387, 1391 (1983); *see also Goldhofer Fahrzeugwek GmbH* v. *United States,* 11 CIT 218, Slip Op. 87–36, at 12 (Mar. 30, 1987).

Plaintiff also contends that its cross-motion for summary judgment "raises the question as to the precedential value of *United States* v. *A.N. Deringer, Inc.,* 66 CCPA 50, C.A.D. 1220, 593 F.2d 1015 (1979) and its progeny in light of arguments not presented to the CCPA where the appeal was decided without participation of the appellee." The precedential value of the *Deringer* case, however, has been examined by a single judge of this court on more than one occasion. *See, e.g., Star Sales & Distrib. Corp.* v. *United States,* 10 CIT 709, Slip Op. 86–117, at 3 (Nov. 7, 1986); *Computime, Inc.* v. *United States,* 9 CIT 553, 622 F. Supp. 1083, 1085–86 (1985); *Transmarine Navigation Corp.* v. *United States,* 7 CIT 42, 43 (1984). It is clear, therefore, that the issues in this case are well-suited to determination by a single judge. In sum, plaintiff's contentions simply do not support its motion for the designation of a three-judge panel.

For the reasons stated, the chief judge finds that plaintiff has failed to demonstrate that the issues raised in this action warrant the designation of a three-judge panel. Accordingly, plaintiff's motion that the chief judge designate three judges to hear and determine this action is denied.

Nothing in the opinion should be interpreted as expressing any view as to the merits of the litigation.