METALLVERKEN NEDERLAND B.V. AND OUTOKUMPU METALLVERKEN INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANTS, AMERICAN BRASS, ET AL., DEFENDANT-INTERVENORS

Court No. 88-09-00711

MEMORANDUM OPINION

(Dated September 26, 1989)

*Winthrop, Stimson, Putnam & Roberts,* (*Thomas V. Vakerics, Kenneth Berlin, Mark A. Monborne, James A. Meade,* and *Joni A. Laura* on the motion and memorandum in support) and *Arent, Fox, Kintner, Plotkin & Kahn,* (*Stephen L. Gibson* and *Callie Georgeann Pappas,* Co-Counsel), for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*M. Martha Ries*) and (*Calvin Cobb,* United States International Trade Commission and *Tina M. Stikas,* United States Department of Commerce, Of Counsel), for defendant.

*Collier, Shannon & Scott,* (*David A. Hartquist, Jeffrey S. Beckington,* and *Kathleen Weaver Cannon*), for defendant-intervenors.

RE, *Chief Judge:* Pursuant to the provisions of 28 U.S.C. § 255(a), and Rule 77(e)(2) of the Rules of the United States Court of International Trade, plaintiffs move before the chief judge for the reassignment of this action, presently assigned to a single judge, to a three-judge panel.

Plaintiffs, Metallverken Nederland B.V., and Outokumpu Metallverken Inc., challenge a final determination of the International Trade Commission, following the Commission's investigation of dumping of certain brass sheet and strip from the Netherlands. *See* 53 Fed. Reg. 29394 (1988). Plaintiffs base their request for a three-judge panel on the grounds that 19 U.S.C. § 1677(11) (1982) "is in violation of the Fifth Amendment to the Constitution * * *." Plaintiffs also challenge "the interpretation and application of 19 U.S.C. § 1677(11) by the United States International Trade Commission in a way which will have broad and significant implications for the administration of the antidumping laws."

On this motion before the chief judge for the designation of a three-judge panel, the question presented is whether the contentions and reasons urged by the plaintiffs warrant a reassignment of this case to a three-judge panel. Since the chief judge, in the exercise of discretion, finds that the benefits and advantages of a decision by a three-judge panel do not outweigh the benefits derived from a decision by a single judge, plaintiffs' motion for a three-judge panel is denied.

### BACKGROUND

Plaintiff, Metallverken Nederland B.V., is a manufacturer, exporter, and importer of brass sheet and strip from the Netherlands, and plaintiff, Outokumpu Metallverken, is an importer of brass sheet and strip from the Netherlands. On July 20, 1987, certain members of the domestic industry producing brass sheet and strip filed an antidumping duty petition with the Department of Com-

merce and the International Trade Commission. The petition alleged that certain brass sheet and strip imported from Japan and the Netherlands was being, or was likely to be sold, at less than fair value, and that, as a result, the industry in the United States was being materially injured. The sheet and strip imported from Japan is not an issue in this case.

Commerce published its notice of initiation of an investigation on August 14, 1987. Metallverken Nederland B.V. was the only respondent in the investigation and is the only manufacturer in the Netherlands of brass sheet and strip. On June 22, 1988, Commerce issued its final determination that sales of brass sheet and strip, imported from the Netherlands, was being sold at less than its fair market value.

The Commission published its final determination on August 4, 1988, stating "that an industry in the United States is materially injured or threatened with material injury by reason of imports from * * * the Netherlands of certain brass sheet and strip * * *." The Commission's final affirmative determination was based on the "determinations" of each of the six commissioners. Three commissioners determined that the domestic brass sheet and strip industry is not materially injured or threatened with material injury by reason of imports from the Netherlands. Two commissioners determined that an industry in the United States is materially injured by reason of imports from the Netherlands, and one commissioner determined that the domestic industry is not materially injured but determined that the industry is threatened with material injury by reason of the imports from the Netherlands. On this basis, Commerce published an antidumping order with respect to the brass sheet and strip on August 12, 1988.

Plaintiffs commenced this action challenging the Commission's Final Affirmative Injury Determination and Commerce's Antidumping Duty Order. By order dated November 16, 1988, this action was assigned to Judge Dominick L. DiCarlo, and plaintiffs now move for an order appointing a three-judge panel.

Defendant "opposes the motion because plaintiffs have made no showing to justify reassignment of the case to such a panel at the advanced stage of this proceeding[,] [and] the issues on which plaintiffs base their motion are not important and have already been definitively adjudicated against plaintiff[s]." Defendant-intervenors, also oppose the motion, and essentially reiterate the arguments urged by the defendant.

## DISCUSSION

The authority of the chief judge of this court to designate a three-judge panel of the court to hear and determine a case is found in Title 28 U.S.C. §§ 253(c), 255(a) (1982).

Section 253(c) of Title 28 provides:

The chief judge, under rules of the court, may designate any judge or judges of the court to try any case and, when the circumstances so warrant, reassign the case to another judge or judges.

28 U.S.C. § 253(c).

Section 255(a) provides:

(a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws.

28 U.S.C. § 255(a).

These statutory provisions are implemented by Rule 77(e)(2) of the rules of the court, which provides in pertinent part:

(2) Assignment to Three-Judge Panel. An action may be assigned by the chief judge to a three-judge panel either upon motion, or upon the chief judge's own initiative, when the chief judge finds that the action raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive order; or has broad or significant implications in the administration or interpretation of the law.

USCIT Rule 77(e)(2).

As was stated in *Seattle Marine Fishing Supply Co.* v. *United States,* 13 CIT 227, Slip Op. 89–35, at 5–6 (Mar. 22, 1989), "[i]t is clear that the decision to designate a three-judge panel lies within the sound discretion of the chief judge." In the exercise of this discretion, the chief judge must "consider whether the benefits and advantages of a decision by a three-judge panel outweigh the benefits derived from the 'more efficient utilization of judicial resources' provided by a single judge." *Washington Int'l Ins. Co.* v. *United States,* 11 CIT 249, 251, 659 F. Supp. 235, 236–37 (1987) (quoting H.R. Rep. No. 1067, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Admin. News 3188, 3200).

The case of *National Corn Growers Ass'n* v. *Baker,* 10 CIT 517, 643 F. Supp. 626 (1986), is instructive on the exercise of the discretionary authority of the chief judge to reassign a case to a three-judge panel. In that case, the chief judge noted that:

[F]or reasons of judicial economy and efficiency, the authority to reassign should be used sparingly. Indeed, it may be stated that motions for reassignment to a three-judge panel, made after the case has been assigned to a single judge, will be viewed with disfavor * * *. Certainly, the chief judge will not allow any party to engage in what may appear to be "judge shopping."

10 CIT at 522, 643 F. Supp. at 631.

On this case, by order of assignment dated November 16, 1988, the case was assigned to Judge DiCarlo. A scheduling order for this action was entered on January 11, 1989, and to date, all briefs have been submitted. In addition, in response to plaintiffs' motion for oral argument, Judge DiCarlo, by order dated August 7, 1989, scheduled oral argument for September 28, 1989. Hence, reassignment to a three-judge panel at this stage of the litigation will not "outweigh the benefits derived from the 'more efficient utilization of judicial resources' provided by a single judge." *Fundicao Tupy S.A.* v. *United States*, 11 CIT 23, 26, 652 F. Supp. 1538, 1541 (1987) (quoting H.R. Rep. No. 1067, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Admin. News 3188, 3200).

Plaintiffs stress that issues of "constitutionality of an Act of Congress and related issues which have broad and significant implications for the administration and interpretation of the nation's import laws," are raised in this action. Specifically, plaintiffs contend "that the due process clause of the Fifth Amendment * * * requires the * * * Commission * * * to act by majority rule before depriving a person of property interests." It is plaintiffs' position, therefore, "that [section] 1677(11) violates [their] right to due process of law because it permits a final affirmative Commission determination in the absence of an affirmative determination by a majority of the voting Commissioners." In the alternative, plaintiffs argue that even if the challenged statute is constitutional, it "is to be applied by the Commission only in the absence of a majority vote by the members of the agency."

*Barnhart* v. *United States*, 5 CIT 201, 205, 563 F. Supp. 1387, 1390 (1983), it was made clear that:

> To * * * appoint a three-judge panel in every action in which a party alleges that the statutory criteria have been met would thwart the twin Congressional goals of judicial economy and broad representation in exceptional cases only. Plaintiff thus bears the burden of establishing the facts which would warrant a finding that the action presents a question of such an exceptional nature as to require the designation of a three-judge panel.

Moreover, it has been noted that "in this Court, 'cases of novel impression are almost commonplace,' and 'a single-judge court has on numerous occasions decided far-reaching questions * * *.' " *National Corn Growers*, 10 CIT at 522, 643 F. Supp. at 631 (quoting *Barnhart*, 5 CIT at 205, 563 F. Supp. at 1391 and *American Air Parcel Forwarding Co.* v. *United States*, 4 CIT 150, 151 (1982)).

It would seem clear that, in this case, plaintiffs have not met the burden of establishing facts and issues that are novel or of an "exceptional nature." *See, e.g., Border Brokerage Co.* v. *United States*, 646 F.2d 539, 546–47 (CCPA 1981) (tie vote provision in 19 U.S.C. § 160(a), predecessor statute to 19 U.S.C. § 1677(11), "does not vio-

late the due process clause fo the Fifth Amendment to the Constitution"); *see also Copperwald Corp.* v. *United States,* 12 CIT 148, 682 F. Supp. 552, 560–61 n. 7. (1988) ("[t]o hold that agency action can never be taken unless all of the commissioners or more than three of six commissioners concur is tantamount to disregard for the delicate scheme devised and implemented by Congress"). Hence, as was stated in *Barnhart,* plaintiffs' arguments "in and of themselves, are insufficient to bring an action within the confines of the section 255 exception to the single-judge trial standard." 5 CIT at 206, 563 F. Supp. at 1391. Surely, the issues raised can be resolved by a single judge.

Without expressing any view as to the merits of the litigation, it is the conclusion of the chief judge that a motion to reassign to a three-judge panel is not warranted under the circumstances presented.

Accordingly, it is

ORDERED that plaintiffs' motion for reassignment to a three-judge panel is denied.